TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 97-807 |
| of | : | |
| | : | November 12, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BROOKS FIRESTONE, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May the spouse of a member of the governing board of trustees of a school district be hired by the district as a substitute teacher?

CONCLUSION

The spouse of a member of the governing board of trustees of a school district may not be hired by the district, whether as a substitute teacher or in any other employment capacity.

ANALYSIS

The question presented for resolution concerns the ability of a school district to employ, as a substitute teacher, the spouse of a member of the school district's governing board of trustees. A substitute teacher is an "employee of a school district who is employed in a position requiring certification qualifications, whose duties require him or her to provide direct instruction to pupils in the schools of that district for the full time for which he or she is employed." (Ed. Code, § 41401; Cal. Code Regs., tit. 5, § 17604, subd. (d).) The function of a substitute teacher is to fill the position of a regularly employed teacher who is absent from service. (Ed. Code, § 44917.) A substitute teacher may be employed as a temporary employee for up to one complete school year to fill a position for which no regular employee is available. (Ed. Code, § 44918, subd. (a).) Other substitute teachers serve in an "on-call" capacity to replace absent regular employees on a day-to-day basis. (See Ed. Code, § 44918, subd. (d).) **Footnote No. 1**

The question we consider here involves the initial hiring of a substitute teacher by a school district and is similar to a question we answered in 69 Ops.Cal.Atty.Gen. 255 (1986). We noted in our prior opinion that absent a finding of a "remote interest" (see Gov. Code, § 1091) **Footnote No. 2** or a "noninterest" (see § 1091.5), section 1090 prohibits public officers and employees from being financially interested in

(see § 1091.5), section 1090 prohibits public officers and employees from being financially interested in contracts made by them in their official capacity, or made by boards or commissions of which they are members. (69 Ops.Cal.Atty.Gen., *supra*, at 255.) **Footnote No. 3** One statutory "noninterest" is applicable in specified circumstances to the spouse of a public officer or employee and was the focus of our 1986 opinion. Section 1091.5 provides:

> "(a) An officer or employee shall not be deemed to be interested in a contract if his or her interest is any of the following:

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "(6) That of a spouse of an officer or employee of a public agency in his or her spouse's employment or officeholding if his or her spouse's employment or officeholding has existed for at least one year prior to his or her election or appointment.

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

We concluded that under the terms of section 1091.5, subdivision (a)(6), a currently employed spouse may not be promoted or appointed to a different employment position. We interpreted "employment" for the one-year period to mean the *same* employment with the public agency, rather than *any* employment with the agency. (69 Ops.Cal.Atty.Gen., *supra*, at 258-259.) The public agency involved in our 1986 opinion was a school district, and we specifically applied the terms of subdivision (a)(6) of section 1091.5 to substitute teaching. We stated in part:

> "With respect to substitute teachers, a category of certificated employees of general interest, we conclude first that section 1090 of the Government Code would not prevent the employed spouse from continuing annual employment as a substitute teacher. We believe such continued employment would constitute the same employment within our analytical framework. Although a new contract would be required each year, we still believe that subdivision (a)(6) authorizes the board to make the contract despite the member's interest. The legislative intent we find in subdivision (a)(6) of section 1091.5 is to permit a continuation of the *status quo* with respect to the spouse's employment.

> "However, were the spouse to attempt to become a permanent employee, whether certificated or classified, this would require the board to make a new contract which would be prohibited by section 1090 of the Government Code. A different employment position would be involved with different employment rights. These would include such matters as the right to become a permanent classified employee after satisfactorily serving a probationary period or the right to become tenured in the certificated service. The *status quo* would clearly be disturbed by such new employment." (*Id*., at p. 259; fn. omitted.) **Footnote No. 4**

> Here, the language of subdivision (a)(6) of section 1091.5 is entirely inapplicable since the spouse has not served the requisite one-year period as a substitute teacher and in fact has had no previous contractual agreement with the district. The proposal to hire the spouse in the first instance would violate the proscription of section 1090. Accordingly, we conclude that the spouse of a member of the governing board of trustees of a school district may not be hired by the district, whether as a substitute teacher or in any other employment capacity.

* * * * *

---

**Footnote No. 1**
A person may become a substitute teacher by possessing a bachelor's degree, passing the California basic educational skills test, and obtaining a teaching credential. (Ed. Code, § 41401, subd. (d).) An emergency 30-day substitute teaching permit is available for those meeting the first two requirements and having on file an application for a teaching credential. (Cal. Code

( Regs., tit. 5, § 80025.)

**Footnote No. 2**

All section references hereafter are to the Government Code unless otherwise indicated.

**Footnote No. 3**

Section 1090, where applicable, constitutes an absolute prohibition from entering into the prohibited contract by a board or commission. Accordingly, its proscriptions cannot be avoided by having the financially interested board member abstain from participation in the making of the contract. (69 Ops.Cal.Atty.Gen., *supra*, at 256.)

**Footnote No. 4**

Pursuant to sections 44917 and 44918, substitute teachers who meet certain length of service requirements during a school year are eligible for probationary employee credit or status. Granting a substitute teacher a change in status, i.e., from temporary to probationary, would violate section 1090 if such occurs after the substitute teacher's spouse has been appointed or elected to the board of trustees. (69 Ops.Cal.Atty.Gen., *supra*, at 259, fn. 6.)